UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TABITHA ALVAREZ,<br>　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES TEXAS, LLC,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 3:23-cv-00201 |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TABITHA ALVAREZ, Plaintiff, and files Plaintiff's First Amended Complaint, complaining of Defendant, WAL-MART STORES TEXAS, LLC, and would show unto the Court as follows:

### I. PARTIES

1. Plaintiff, TABITHA ALVAREZ, is an individual that is a citizen of the State of Texas.

2. Defendant, WAL-MART STORES TEXAS, LLC, is a limited liability company incorporated in Delaware with its principal place of business in Arkansas.

### II. JURISDICTION

3. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332 (a) because Defendant, Wal-Mart Stores Texas, LLC, is a citizen of Delaware and Arkansas, and Plaintiff, Tabitha Alvarez, is a citizen of Texas. Furthermore, the suit involves an amount in controversy that exceeds $75,000 excluding interest and costs.

### III. VENUE

4. Venue is proper in this District under 28 U.S.C. §1332 (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The events giving rise to this claim occurred in Dallas, Dallas County, Texas.

## IV. FACTS

5. On May 4, 2021, Plaintiff was injured on the Wal-Mart premises located at 5302 North Garland Avenue, Garland, Dallas County, Texas. Plaintiff, Tabitha Alvarez, was walking down an aisle when she slipped and fell on a liquid substance left unattended and unmarked on the floor. At the time of injury, the premises were being used as a retail store by Defendant, Wal-Mart Stores Texas, LLC.

6. Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

7. Plaintiff was an invitee at the time the injury occurred. Plaintiff entered on Defendant's premises for the mutual benefit of herself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

## V. COUNT I - NEGLIGENCE

8. Because Plaintiff was an invitee at the time of injury, Defendant, Wal-Mart Stores Texas, LLC, owed a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

9. Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees. Specifically, Defendant breached its duty in one or more of the following ways:

    a. Failing to inspect the premises on a regular basis;

    b. Failing to perform needed repairs;

    c. Failing to place signs warning invitees;

    d. Failing to instruct or train its agents, servants, and employees to

      maintain a hazard free environment; and

e.    Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

## VI.  DAMAGES

10.    As a direct and proximate result of the Defendant's negligence, Plaintiff suffered bodily injury and damages. Plaintiff has suffered damages that exceed $75,000. Plaintiff suffered the following damages:

    a.    Physical pain and mental anguish in the past and future;

    b.    Medical expenses in the past and future;

    c.    Physical impairment; and

    d.    Loss of earning capacity.

## VII.  PRAYER

11.    WHEREFORE, PREMISES CONSIDERED, Plaintiff, TABITHA ALVAREZ, respectfully requests that Defendant, WAL-MART STORES TEXAS, LLC, be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

    a.    Actual damages;

    b.    Prejudgment and post judgment interest as allowed by law;

    c.    Costs of suit; and

    e.    Any further relief, either in law or equity, to which Plaintiff is justly entitled.

## VIII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, please disclose all information identified in Rule 26 (a)(1); Rule 26 (a)(2); and Rule 26 (a)(3).

        Respectfully submitted,

        Ben Abbott & Associates, PLLC
        1934 Pendleton Drive
        Garland, Texas 75041
        (972) 263-5555

                (817) 263-5555
                (972) 682-7586 Facsimile
                eService@benabbott.com

***/s/ James Bauguss III***
by: James Bauguss III
State Bar No. 24045463

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned Counsel for Defendant hereby certifies that a true and correct copy of this pleading has been forwarded to all counsel of record, pursuant to and in accordance with the Federal Rules of Civil Procedure, on March 7, 2023.

                ***/s/ James Bauguss III***
                James Bauguss III